

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

July 14, 2023

Hon. Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:   *Emilee Carpenter, LLC v. James*
            Docket No. 22-75

Dear Ms. Wolfe:

    On behalf of the state defendants-appellees, I write in response to the Court's order of October 3, 2022, directing the parties to address the effect of the Supreme Court's decision in *303 Creative LLC v. Elenis*, No. 21-476, 600 U.S. __ (2023), on this case.

    The decision in *303 Creative* does not implicate plaintiff's free association, free exercise, or Establishment Clause claims under the First Amendment. This Court should therefore affirm the district court's dismissal of those claims for the reasons stated in the state defendants' brief (*see* State Br. 53-71), and affirm the district court's corresponding denial of a preliminary injunction on these claims.

    *303 Creative* does, however, have potential implications for plaintiff's free speech claim. In light of that decision, plaintiff has likely sufficiently alleged a free speech claim to survive a motion to dismiss.

This case nonetheless lacks the many factual stipulations that were critical in *303 Creative*. This Court should thus reverse the district court's decision and remand the case to the district court, where the parties will need to develop a factual record before the case can be finally decided.[1] In *303 Creative* the petitioner sought to enter the business of wedding website design and challenged Colorado's public accommodations law as applied to her business. That law barred discrimination on the basis of sexual orientation, and thus would require the petitioner to design websites for same-sex couples to the extent she did so for opposite-sex couples. The Court held that this feature of the law would impermissibly compel her to express approval of same-sex marriage in violation of her right to free speech. In reaching that conclusion, the Court relied heavily on factual stipulations made by the parties that have no counterpart in this case.

Specifically, in *303 Creative*, the parties had stipulated, among other things, that (1) all of the petitioner's wedding websites were "expressive," (2) all of the petitioner's wedding websites expressed a message about the petitioner's views of marriage, and viewers of the websites would know that the websites were the petitioner's speech that expressed her views, and (3) numerous other companies were available to provide wedding websites to same-sex couples. *303 Creative*, 600 U.S. __ (slip op. at 4-5). The Court also found it significant that the lower court had made a factual finding that the "very purpose" of Colorado's law was to eliminate ideas that the State disfavored. *Id.* (slip op. at 20) (quoting *303 Creative LLC v. Elenis*, 6 F.4th 1160, 1178 (10th Cir. 2021)).

---

[1] Although the parties submitted evidence in connection with plaintiff's motion for a preliminary injunction, the district court did not consider or weigh this evidence because it concluded that plaintiff's motion was moot in light of its disposition on the merits. As a result, this Court should remand consideration of a preliminary injunction to the district court to decide the issue in the first instance. Additional evidence may also be needed in light of the Supreme Court's guidance about what factual issues are relevant to deciding a free speech claim after *303 Creative*.

These stipulations and findings dictated the Supreme Court's decision in *303 Creative*. The Court concluded that Colorado's law compelled speech only because the parties had agreed that the plaintiff's wedding websites *were* speech to begin with. And not only were they speech, but they would "celebrat[e] and promot[e]" the *petitioner's* view of a "true marriage." *Id.* (slip op. at 9); *see also* (slip op. at 10) ("the parties' stipulations lead the way to" conclusion that petitioner's websites represented *her* speech). Because of the parties' stipulations in conjunction with the lower court's finding that Colorado's law was intended to silence disfavored views, the Supreme Court concluded that this law constituted a per se violation of the petitioner's First Amendment rights, rather than merely an incidental burden on speech under *Rumsfeld v. FAIR*, 547 U.S. 47 (2006). *See 303 Creative*, 600 U.S.__ (slip op. at 16) (parties' stipulations foreclosed conclusion that plaintiff was only selling ordinary goods); *id.* (slip op. at 20) (concluding that burden on speech cannot be merely incidental because Colorado's "very purpose" was eliminating ideas different from its own). Indeed, the majority opinion expressly declined to consider "hypotheticals about photographers" in particular because it did not need to go further than "the parties' stipulations about the case actually before" it. *Id.* (slip op. at 21).

By contrast in this case there are no stipulations or findings on the facts that the Court regarded as critical in *303 Creative*. Instead there are only plaintiff's allegations, which state defendants dispute and have already provided numerous reasons to doubt. (*See* JA 585-981; State Br. at 30-31, 35-36, 41-42, 46-47.) Those allegations, if plausible, may be sufficient to survive a motion to dismiss, but they are insufficient to support a factual determination on the questions undisputed in *303 Creative*. Moreover, this Court has already held that the purpose of New York's public accommodations law is unrelated to silencing speech. *See Jews for Jesus v. Jewish Cmty. Rels. Council of N.Y.*, 968 F.2d 286, 295 (2d Cir. 1992). Accordingly, on remand, plaintiff must prove through evidence that, among other things, (1) her action in photographing the wedding constitutes her speech rather than non-speech conduct or documentation of the speech of the marrying couple; (2) plaintiff's wedding photographs would reasonably be understood by others to convey her views about the validity of the

3

marriage being photographed; and (3) other wedding photographers are meaningfully available to same-sex couples in the geographical areas covered by plaintiff.

In light of *303 Creative*, plaintiff's allegations that her wedding photography is expressive and communicates her view of the marriages she photographs, if this Court finds those allegations credible, may survive a motion to dismiss. Accordingly, it would be appropriate for this Court to reverse the dismissal of plaintiff's free speech claim, vacate the district court's denial of a preliminary injunction on that claim, and remand the case. This will allow the plaintiff an opportunity for factual development of that claim and defendants an opportunity to show that requiring plaintiff to furnish her photography services to all customers regardless of sexual orientation or other protected class would not impair her free speech right. This Court should affirm the decision in all other respects.

Respectfully submitted,

*/s/ Alexandria Twinem*

ALEXANDRIA TWINEM
Assistant Solicitor General