

July 2, 2024

<u>VIA CM/ECF</u>

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

  **Re:**  *Emilee Carpenter, LLC v. James*,
     **Case No. 22-75**

Dear Ms. O'Hagan Wolfe:

  I write to advise the Court about *Moody v. NetChoice, LLC*, No. 22-277, 2024 WL 3237685, at *1 (U.S. July 1, 2024), under Federal Rule of Appellate Procedure 28(j). There, the Supreme Court addressed two state laws that regulated social-media platforms. The analysis supports Appellants' (Emilee's) appeal.

  *Moody* reaffirmed that a law compels speech when it (1) regulates a party's "own expressive activity" to (2) "alter or disrupt" that expression. *Id.* at *10, *12. The Court often applies this test to separate impermissible compelled speech from permissible conduct regulation that does "*not* affect … expression." *Id.* at *11 & *13 n.5. If requiring platforms to "compil[e] and curat[e] others' speech" to "accommodate messages [they] would prefer to exclude" violates the First Amendment, New York's laws do more. *Id.* They require Emilee to create original photographs and blogs promoting messages with which she disagrees, then publish them on her own website. Oral Arg. Audio at 26:53–27:23, https://perma.cc/RZM2-9U5W; Emilee.Br.23–24; Emilee.Reply.Br.2–3.

1

*Moody* confirms that New York incorrectly argues that its laws regulate conduct and only incidentally burden speech by dictating what Emilee "must do." NY.Br.23–24. *Moody* pronounced that the government may not commandeer a website's content choices no matter what label is used. 2024 WL 3237685, at *12, *14.

*Moody* also rejected New York's argument that Emilee's photographs and blogs are not her speech because others may not attribute them to her. NY.Br.30–31; NY.Supp.Ltr.3–4. "First Amendment protection" has never hinged on "the risk of misattribution." 2024 WL 3237685, at *15.

Finally, *Moody* confirms that the government may not interfere with "speech to advance its own vision of ideological balance." *Id.* at *15–16. New York does just that by treating Emilee's speech as a public accommodation, then demanding equal access to her speech for messages to which she objects. *E.g.*, Emilee.Br.57. Just as New York could not compel a website that solicits Jewish content to accept and post articles promoting Islam, it cannot force Emilee to create photographs and blogs with which she disagrees. *Cf.* Oral Arg. Audio at 26:53–27:23; Emilee.Br.15–16. *Moody* dictates that outcome.

Sincerely,

*s/ Bryan D. Neihart*
Bryan D. Neihart
ALLIANCE DEFENDING FREEDOM
15100 N. 90th St.
Scottsdale, AZ 85260
(480) 444-0020
bneihart@adflegal.org

*Attorney for Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 350 words and complies with Federal Rule of Appellate Procedure 28(j).

*s/ Bryan D. Neihart*
Bryan D. Neihart
*Attorney for Appellants*

## CERTIFICATE OF SERVICE

I certify that on July 2, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/ Bryan D. Neihart*
Bryan D. Neihart
*Attorney for Appellants*
